NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW RACHAL,<br><br>                Petitioner - Appellant,<br><br>v.<br><br>ROBERT W. FOX,<br><br>                Respondent - Appellee. | No. 24-1722<br><br>D.C. No.<br>4:17-cv-01254-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted August 22, 2025
San Francisco, California

Before: CHRISTEN, LEE, and BRESS, Circuit Judges.

Andrew Rachal appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition. Rachal was convicted of first-degree murder in California

in 2013 and received a sentence of twenty-five years to life. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

We review the district court's denial of a petition for a writ of habeas corpus

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

de novo, and may affirm on any ground supported by the record. *Varghese v. Uribe*, 736 F.3d 817, 822–23 (9th Cir. 2013). The Antiterrorism and Effective Death Penalty Act (AEDPA) governs § 2254 habeas petitions filed after 1996. *See id.* at 823. Under AEDPA, we may only grant relief if the petitioner shows that "the state court's decision (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)).

We review a district court's factual findings underlying a denial of habeas relief for clear error. *Juan H. v. Allen*, 408 F.3d 1262, 1269 n.7 (9th Cir. 2005). But "we review the state court['s factual] findings under the deferential standards of AEDPA," *id.*, regardless of whether "the finding was made by a state court of appeals [or] a state trial court." *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2001). Under AEDPA's deferential standard, a "factual finding by a state court is 'presumed to be correct' and [the petitioner] has 'the burden of rebutting the presumption of correctness by clear and convincing evidence.'" *Id.* (quoting 28 U.S.C. § 2254(e)(1)).

1. <u>Ineffective assistance of counsel (IAC) claim.</u> Rachal's IAC claim against his trial attorney Dennis Lempert does not warrant federal habeas relief. To prevail

on a claim for IAC, Rachal must show that the state courts either unreasonably determined the facts of his case or unreasonably applied *Strickland v. Washington*, which requires both deficient performance by counsel and prejudice from the error. 466 U.S. 668 (1984). In evaluating counsel's performance, our review is doubly deferential because we apply § 2254's deference on top of *Strickland*'s deferential standard. *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Rachal argues that Lempert prejudicially erred in four ways. First, Rachal argues that Lempert erred by foregoing a jury instruction on the lesser included offense of voluntary manslaughter based on imperfect self-defense. But Rachal is incorrect that he could have invoked imperfect self-defense despite using unreasonable force. Rather, an unreasonable degree of force would have negated Rachal's self-defense argument altogether. *See People v. Valencia*, 180 P.3d 351, 371 & n.6 (Cal. 2008). Rachal's trial counsel could have also made the tactical judgment that pressing imperfect self-defense would undercut the theory that Rachal acted in self-defense based on his statement after jumping or falling from the overpass. In any event, Rachal was not prejudiced because, as the Court of Appeal later concluded, Rachal used unnecessary and unreasonable force by stabbing Patterson over thirty times.

Second, Rachal argues that Lempert erred by not presenting the testimony of four witnesses who would have allegedly bolstered his self-defense theory. But the

state trial court reasonably determined that Lempert's decision not to present these witnesses' testimony was a justified tactical decision, given that doing so likely would have opened the door to his sex crime convictions. Rachal also did not want to introduce testimony about any "actions on his part that could be considered a sexual advance toward the victim." Presenting the witnesses' testimony could have resulted in the introduction of that evidence, which trial counsel would then have needed to rebut. Counsel could conclude that this would place the defense in a difficult position strategically with respect to these four witnesses.

Third, Rachal argues that it was error not to object to closing arguments by the District Attorney that Rachal says prejudiced him. But none of these arguments by the prosecutor was an "egregious misstatement[]" that would justify relief. *See United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993). Moreover, the prejudice to Rachal was minimized because Lempert responded to some of the prosecutor's statements in his own closing argument.

Fourth, Rachal argues that he was prejudiced by Lempert's failure to object to the trial court's erroneous instruction on self-defense in the home. The trial court erred by instructing that the defense required Rachal to believe that Patterson "intended to or tried to commit the crime of assault with a deadly weapon and tried to enter or did enter [Rachal's] home intending to commit an act of violence against someone inside." California law requires only one of these elements, not both.

Nevertheless, Rachal was not prejudiced by this error or by his counsel's failure to object for two reasons. First, under Rachal's own theory—that Patterson entered his home with a knife intending to kill him—both elements are met because Patterson must have necessarily formed the intent to harm Rachal before entering. Second, Rachal does not challenge the Court of Appeal's finding that "[t]he evidence overwhelmingly established that [Rachal] used more force than necessary." As discussed above, self-defense would have been an unsuccessful defense for Rachal.

2. <u>Other claims for federal habeas relief.</u> Rachal's other claims do not warrant federal habeas relief. As to Rachal's claim that Juror No. 11 was dismissed without good cause, the state courts did not unreasonably determine that the juror could not be trusted to abide by the trial court's further instructions. As to the sufficiency of evidence to support the jury's verdict under *Jackson v. Virginia*, 443 U.S. 307 (1979), the state courts did not unreasonably determine that the evidence was more than sufficient. And Rachal's due process claims fail for the same reasons as his IAC claim.

Because the state courts did not unreasonably construe the facts of Rachal's case or unreasonably apply Supreme Court case law, *see* 28 U.S.C. § 2254(d), Rachal's claims either fail to show error or prejudice, or both.

**AFFIRMED.**